UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAIF ABBAS AL-SHIMARY,

Petitioner,

v.

Civil No. 2:12-CV-10001
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

Respondent,
___________________________________/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) A CERTIFICATE OF APPEALABILITY**

Naif Abbas Al-Shimary, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel Joan Ellerbusch Morgan, in which he challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; felonious assault, Mich. Comp. Laws § 750.82; possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b; and being a second felony habitual offender, Mich. Comp. Laws § 769.10. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with his brothers and co-defendants Mansour Al-

Shimary, Abdul Al-Shimary, and Naser Al-Shimary. [1] This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants, who are brothers, were convicted of breaking into the house of their brother-in-law, Habib Marzok, and then violently assaulting Marzok. There was evidence of a prior dispute between the victim and defendants' father that allegedly led to the incident. The principal evidence at trial was the testimony of the victim and his two sons, Karar Marzok and Safaa Marzok, who were consistent in stating that the defendants broke into their home, that defendants Naif, Mansor, and Abdul had firearms, and that all four defendants assaulted the victim and fled.

*People v. Al-Shimary*, No. 293096, at 2 (Mich.Ct.App. December 28, 2010).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 489 Mich. 935, 797 N.W.2d 626 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Petitioner's right to present a defense was violated where the trial court refused to permit defense counsel to introduce evidence that the complainant's son had tried to extort money from the defendants before trial, in exchange for dismissal of the criminal charges.
>
> II. The multiple punishments provision of the Double Jeopardy Clause was violated where Mr. Al-Shimary was convicted of assault with intent to do great bodily harm and felonious assault for a single assault.
>
> III. Mr. Al Shimary's right to due process and a properly instructed jury was violated where the trial court refused to answer the jury's request for reinstruction on the felony firearm count.

## II. STANDARD OF REVIEW

[1] Petitioner's brothers are currently challenging their convictions in separate habeas petitions before this Court. *See Al-Shimary v. Prelesnik*, No. 11-15568 (E.D. Mich.); *Al-Shimary v. McKee*, 11-15675 (E.D. Mich.); *Al-Shimary v. Curtin*, 12-11126 (E.D. Mich.).

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh*

*v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford*, 537 U.S. at 24. Therefore, in order to obtain

habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States*, 344 U.S. 604, 619 (1953).

## III. DISCUSSION

### A. Claim # 1. The right to present a defense claim.

Petitioner first contends that the trial judge denied him his constitutional right to present a defense when he excluded evidence of an Internet posting that suggested that one of the victim's sons, Safaa Marzok, had attempted to extort money from petitioner and his brothers by offering to drop the criminal charges in exchange for $60,000.00.

In rejecting petitioner's claim, the Michigan Court of Appeals held that the trial judge did not deprive petitioner of his right to present a defense, because he did not prevent petitioner and his co-defendants from presenting evidence that Safaa Marzok had attempted to extort money from them, but merely precluded admission of an Internet posting that could not be authenticated pursuant to M.R.E. 901. *Al-Shimary*, Slip. Op. at 3:

> During the cross-examination of Safaa, defense counsel attempted to impeach Safaa's "sincerity" and give a reason for the charges by introducing a message on Safaa's page which was allegedly posted by Safaa. Outside the presence of the jury, defense counsel sought admission of a copy of a January 15, 2009 MySpace posting that "seems to be coming from a Safaa 09," which stated:
>
> > [T]ell ur grandpa give us 60,000$ and we'll drop the charges, that's how we will pay 4 damages he caused.
>
> After the prosecutor objected on the basis of foundation and authenticity, the trial

> court asked Safaa if he wrote the message. Safaa responded, "No, I didn't." The defense made no further offer of proof. The trial court excluded the document because there was no evidence to establish its authenticity. In this case, defendants were unable to authenticate the document under MRE 901(a). Further, contrary to what defendant Naif argues, the trial court did not preclude the defendants from otherwise presenting a defense that the charges were the product of an extortion attempt. It only precluded admission of a document that could not be authenticated. The court permitted defendants to ask Safaa if he ever requested money from anyone to drop the charges in this case, but he denied doing so. Accordingly, the trial court did not violate defendant Naif's constitutional right to present a defense. Nor did the trial court abuse its discretion in determining that the MySpace page had not been properly authenticated.

*Id.* at 3.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas,* 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986). Finally, rules that exclude evidence from criminal trials do not

violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in 28 U.S.C. § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins*, 341 F. 3d 507, 511-12 (6th Cir. 2003).

In the present case, the trial judge did not prevent petitioner from presenting a defense that Safaa Marzok had attempted to extort money from him and his brothers. Instead, the judge only precluded petitioner from introducing evidence of the Internet posting that purported to be from Safaa Marzok because Safaa denied making this posting and petitioner could not otherwise authenticate that this posting came from Safaa Marzok. M.R.E. 901(a) requires that for a document to be admissible into evidence, the party seeking its admission must authenticate it with sufficient evidence to "support a finding that the document is what the proponent claims it to be." *People v. Howard*, 226 Mich. App 528, 553; 575 N.W. 2d 16 (1997). The trial judge excluded the Internet posting from evidence because it could not be authenticated. "The authentication requirement serves 'legitimate interests in the criminal trial process,' and is neither arbitrary nor disproportionate." *U.S. v. Almonte*, 956 F. 2d 27, 30 (2nd Cir. 1992)(citing *Rock*, 483 U.S. at 55-56). Therefore, the trial judge's decision to exclude the Internet posting on the ground that it could not be authenticated did not violate petitioner's constitutional right

to present a defense. *Id.* Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The Double Jeopardy claim.**

Petitioner next contends that his convictions for both assault with intent to do great bodily harm and felonious assault violate his Fifth Amendment right against double jeopardy.

Respondent argues that this claim is procedurally defaulted because petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. *Al-Shimary*, Slip. Op. at 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his Double Jeopardy claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's second claim does not constitute a

waiver of the state procedural default. *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's second claim does not mean that the claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's second claim is procedurally defaulted.

Petitioner has offered no reasons for his failure to preserve his second claim. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his second claim. *Smith*, 477 U.S. at 533. Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his second claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3. The instructional error claim.**

Petitioner finally contends that he is entitled to habeas relief because the trial judge failed to give a definition of what constitutes a firearm when he instructed the jurors on the

elements of felony-firearm. During its deliberations, the jury asked for clarification on the felony-firearm charge as it related to co-defendant Abdul Kareem Abbas Al-Shimary. The jury asked the judge whether it mattered whether the weapon was a toy. During trial, a police officer was asked questions about a plastic rifle stock that Karar Marzok had obtained from the long rifle that Abdul had allegedly used during the assault on his father. The officer testified that he did not know whether the stock came from a toy gun. In response to the jury's question as to whether it mattered if the weapon was a toy, for purposes of the felony-firearm charge, the trial judge instructed the jury, "That's a decision for the jury and there is no instruction as to that question." Petitioner argues that the judge should have instructed the jurors that a toy gun cannot be considered a firearm for purposes of the felony-firearm statute.

The Michigan Court of Appeals ruled that the judge's failure to instruct the jurors that a toy could not be considered a firearm under the felony-firearm statute did not affect petitioner's right to a fair trial because the evidence at trial clearly indicated that petitioner was in possession of a blue steel handgun during trial and there was no evidence suggesting, nor did petitioner argue, that this weapon may have been a toy. The Michigan Court of Appeals further noted that the jury's request for clarification on the definition of a firearm related only to co-defendant Abdul. *Al-Shimary*, Slip. Op. at 4.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or

even “universally condemned,” and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some “slight possibility” that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Moreover, in determining whether to grant habeas relief to a habeas petitioner based upon an erroneous jury instruction, the reviewing court must determine whether that instruction had a substantial and injurious effect or influence on the jury’s verdict. *See Hedgpeth v. Pulido*, 555 U.S. 57, 61-62 (2008); *California v. Ray*, 519 U.S. 2, 5 (1996).

In the present case, the victim and his sons all testified that petitioner had either a blue steel or black handgun in his possession. There was no evidence presented that this handgun was a toy nor did petitioner argue that this weapon was a toy. Because the witnesses at trial all identified petitioner’s weapon as being a handgun, the trial court’s failure to define what constituted a firearm in his instruction to the jurors or to otherwise inform them that a toy could not constitute a firearm, for purposes of the felony-firearm charge, did not deprive petitioner of a fair trial so as to entitle him to relief. *See U.S. v. Savoca*, 166 F. App’x. 183, 187-88 (6th Cir. 2006)(in prosecution for using or carrying a firearm in relation to a crime of violence, any error

in court's failure to instruct jury on statutory definition of firearm was harmless; although accomplice testified that the robbers used only toy guns that would not satisfy the statutory definition of firearm, bank tellers and employees and law enforcement officials who recovered weapons and ammunition during chase of defendant's van testified without hesitation that weapons used by defendant in the relevant bank robberies were firearms). Petitioner is not entitled to habeas relief on his third claim.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules

Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d at 885.

**IV. CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2013

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 19, 2013.

s/Deborah R. Tofil
Deborah R. Tofil